UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KAJ FOODS, LLC, | Court File No.: 3:16-cv-00672-wmc |
| | Case Type: Classification: Tort |
| Plaintiff, | Other-Contracts |
| v. | |
| BERKSHIRE REFRIGERATED WAREHOUSING, LLC, | **DEFENDANT BERKSHIRE REFRIGERATED WAREHOUSING, LLC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS** |
| Defendant. | |

## INTRODUCTION

Defendant Berkshire Refrigerated Warehousing, LLC ("Berkshire") should be dismissed from this case because there is no personal jurisdiction over Berkshire in Wisconsin. Alternatively, this Court should transfer venue to the Northern District of Illinois.

## FACTS

KAJ Foods, LLC ("KAJ") began a business relationship with Berkshire in April of 2015. (Complaint, Doc. 1, ¶ 17.) Under the arrangement, KAJ shipped product to Berkshire in Illinois and Berkshire sliced and diced the product in Illinois. (*Id.* at ¶ 18.) Berkshire then shipped the product to various locations on behalf of KAJ at KAJ's instructions. (Grzywacz Declaration, ¶10.) A dispute has arisen regarding certain services provided by Berkshire, and this suit followed.

Berkshire is an Illinois limited liability company with its principal place of business in Chicago, Illinois. (*Id.*). Berkshire neither owns nor leases property in

Wisconsin. (*Id.* ¶3). Berkshire has no business operations located in Wisconsin, and no employees in Wisconsin. (*Id.* ¶4). When Berkshire and KAJ entered into a business in April of 2015, no one from Berkshire traveled to Wisconsin to meet with KAJ. Rather, Ms. Jacobson, the sole member of Plaintiff KAJ, traveled to Illinois to meet with Berkshire at its offices in Illinois. (*Id*. ¶¶ 5, 6).

The services that Berkshire provided to KAJ were all conducted in Illinois. KAJ shipped its product to Berkshire in Chicago, Illinois. (*Id*. ¶ 7). KAJ hired a common carrier to ship the product and Berkshire had no responsibility or involvement in arranging for or shipping the product for KAJ to Berkshire in Illinois. (*Id*. ¶8). The slicing and dicing of KAJ's product by Berkshire was conducted entirely in Illinois. (*Id.* ¶9). At KAJ's instructions, Berkshire then shipped the KAJ product to various locations around the United States. (*Id*. ¶10). With respect to this business arrangement with KAJ as a customer, Berkshire conducted no operations in Wisconsin at all, except for shipping a few pallets of KAJ product to Eau Claire, Wisconsin and for issuing invoices to the Wisconsin office of KAJ. (*Id*. ¶¶ 7-11). The Wisconsin shipments totaled approximately $1,800 are not related to the claims alleged in KAJ's complaint.

Beyond the minimal Wisconsin shipping it did for KAJ and the invoices it sent to KAJ, Berkshire has other minor contacts with Wisconsin. Berkshire has a New York customer, Restaurant Depot, that ships its product to Berkshire in Illinois for distribution. (*Id.* ¶12). Berkshire ships Restaurant Depot's product to various Midwest locations, including one location in Milwaukee, Wisconsin. (*Id.*) Restaurant Depot is not based in Wisconsin; it is a New York company. Berkshire's work for Restaurant Depot, other

2

than delivery, is conducted in Illinois. The Restaurant Depot work is invoiced in Chicago and paid by Restaurant Depot in New York. (*Id*. ¶¶ 12-13). Berkshire also accepts occasional shipping jobs from other parties that are located in Wisconsin. (*Id*. ¶14). Berkshire does not advertise or solicit business in Wisconsin. (*Id*. ¶15). Berkshire's managers and owners have not visited Wisconsin for business purposes. (*Id*. ¶16).

## ARGUMENT

### I. This Court Should Dismiss Berkshire for Lack of Personal Jurisdiction.

Berkshire does not have substantial contacts with Wisconsin as required to establish personal jurisdiction. Berkshire's contacts do not meet the requirements of the Wisconsin long-arm statute. Moreover, there are insufficient contacts to meet the constitutional due process requirements necessary to invoke personal jurisdiction in this state. Therefore, this Court should dismiss Berkshire for lack of personal jurisdiction.

#### A. Applicable Legal Standards for Personal Jurisdiction.

A federal court – in a diversity case – may exercise personal jurisdiction over a nonresident party only if a court in the same state would have jurisdiction. *Nelson v. Park Indus., Inc.,* 717 F.2d 1120, 1123 (7th Cir. 1983). Under Fed. R. Civ. P. 12(b)(2), a motion to dismiss for lack of personal jurisdiction places the burden on the plaintiff to make a prima facie showing of jurisdictional facts establishing personal jurisdiction. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). The Court must accept well-pleaded facts in the complaint as true and draw reasonable inferences from those facts in plaintiff's favor. *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 713 (7th Cir. 2002). Affidavits

may be accepted and weighed by the court in determining whether it has personal jurisdiction over a party. *Nelson,* 717 F.2d at 1123.

In Wisconsin, personal jurisdiction is determined by a two-part test. *Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 665 (7th Cir. 1986). First, the court must determine whether the plaintiff has demonstrated that the nonresident party is subject to jurisdiction under the Wisconsin long-arm statute, Wis. Stat. § 801.05. Second, the court must determine whether the exercise of jurisdiction violates the defendant's due process rights. *Purdue Research Found v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 779 (7th Cir. 2003). Here, Plaintiff cannot meet either standard.

**A.     Wisconsin's Long-Arm Statute**

The long-arm statute provides that a Wisconsin court has jurisdiction over a defendant that is domiciled or incorporated in Wisconsin or is engaged in "substantial and not isolated activities" within the state, causes injury by an act or omission occurring within Wisconsin, causes injury to a person within Wisconsin by an act even outside the state *if* the defendant carried on solicitation or service activities in Wisconsin or products manufactured by the defendant were used in Wisconsin, or is involved in providing or receiving local services, goods or contracts. Wis. Stat § 801.05. Personal jurisdiction can also be conferred if the defendant owns Wisconsin real estate or other tangible property, or the matter involves Wisconsin taxes or insurance. Here, none of these circumstances is present, and the Wisconsin long-arm statute does not provide this Court with jurisdiction over Berkshire.

Plaintiff alleges that the Court has jurisdiction over Berkshire because Berkshire has "substantial and not isolated activities within Wisconsin, including but not limited to, storing or refrigerating food inventory shipped from Wisconsin and/or shipped to Wisconsin." (Complaint ¶12). This allegation appears to be an attempt to satisfy, Wis. Stat. § 801.05(1)(d), which provides for personal jurisdiction where a defendant is engaged in "substantial and not isolated activities within [Wisconsin] whether such activities are wholly interstate, intrastate, or otherwise." But neither this allegation, nor Berkshire's actual business activities are sufficient to establish "substantial and not isolated" contacts with Wisconsin.

Five factors affect whether a defendant's contacts with Wisconsin are "substantial and not isolated" for purposes of section 801.05(1)(d): (1) the quantity of contacts, (2) the nature and quality of the contacts, (3) the source of the contacts and their connection with the cause of action, (4) the interests of the State of Wisconsin, and (5) the convenience of the parties. *Nagel v. Crain Cutter Co.,* 50 Wis.2d 638, 648–50, 184 N.W.2d 876 (1971); *Johnson Worldwide Associates, Inc. v. Brunton Co.,* 12 F. Supp. 2d 901, 906 (E.D. Wis. 1998); *International Communications, Inc. v. Rates Tech., Inc.,* 694 F.Supp. 1347, 1350 (E.D.Wis.1988). The final two *Nagel* factors are of less importance. *Johnson Worldwide Associates, Inc.,* 12 F. Supp. 2d at 908.

Here, Berkshire's only contacts with Wisconsin are sending invoices for the work it performed in Illinois to Plaintiff, shipping a few pallets of Plaintiff's product to Wisconsin, Berkshire's unrelated deliveries of another customer's product to a location in Milwaukee, and Berkshire's intermittent deliveries of other customers' products to

Wisconsin. These contacts are insufficient to find jurisdiction under the five-factor test. First, these contacts are not of a sufficient quantity to justify jurisdiction. Berkshire sent a few invoices to Plaintiff, has one customer for which it makes regular deliveries in Wisconsin, and intermittently makes other deliveries in Wisconsin. These contacts are not of a sufficient quantity to justify jurisdiction. *Eng'g Sales Co. v. Techni-Cast Corp.,* 444 F. Supp. 508, 509 (E.D. Wis. 1978) (holding that defendants sales to other clients in Wisconsin was insufficient to establish substantial contacts); *Ladwig v. Truck Ins. Exch.,* 498 F. Supp. 161, 163 (E.D. Wis. 1980) (holding infrequent driving on Wisconsin roads unrelated to the plaintiff's claims is insufficient to establish personal jurisdiction); *Towne Realty, Inc. v. Bishop Enters.,* 432 F.Supp. 691, 694 (E.D.Wis.1977) (payment for services rendered outside Wisconsin do not support general personal jurisdiction), *overruled on other grounds by Nw. Nat'l Ins. Co. v. Frumin,* 739 F.Supp. 1307, 1310 (E.D. Wis. 1990). Likewise, Berkshire's contacts are not of the quality that would favor personal jurisdiction in this case. Berkshire does not solicit business in Wisconsin nor have its officers or managers traveled to Berkshire in connection with their work for the company. Again, Berkshire's only contacts with Wisconsin are delivering other customer's goods to Wisconsin, sending a few pallets of Plaintiff's product to Wisconsin, and sending invoices to Plaintiff in Wisconsin.

The third *Nagel* factor also militates against the finding of jurisdiction. Berkshire's actions that give rise to Plaintiff's claims took place entirely outside Wisconsin. Plaintiff traveled to Illinois to enter into its contract with Berkshire, it transported the product to Berkshire for cutting and packaging, and Berkshire shipped the

finished product out of state. All of Berkshire's actions that gave rise to Plaintiff's claims took place outside of Wisconsin. Berkshire's Wisconsin contacts have virtually no connection with Plaintiff's cause of action, and this Court should find no jurisdiction based on the third *Nagel* factor.

The fourth and fifth *Nagel* factors, which are admittedly less significant to the jurisdictional on balance also disfavor jurisdiction. The fourth factor, the interests of the State of Wisconsin, would be served by a decision either way by the court. The State of Wisconsin has an interest hearing its resident's claims but it has little interest in deciding a dispute that arose entirely out of state. The fifth factor, the convenience of the parties favors declining jurisdiction, again because all of the acts that gave rise to the complaint took place out of state.

Because none of Berkshire's Wisconsin contacts beyond sending invoices to Plaintiff are related to the causes of actions it asserts in this case, this Court should find that Berkshire's contacts with Wisconsin are incidental and are insufficient to confer personal jurisdiction over Berkshire in this case under Wisconsin's long-arm statute.

**B.     Due Process**

In addition to satisfying Wisconsin's long-arm statute, Plaintiff must also prove that asserting jurisdiction over Berkshire would satisfy its due process rights. For an out-of-state defendant, the party must have established "sufficient minimum contacts" with the foreign state such that the exercise of jurisdiction does not offend notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76, 105 at S. Ct. 2174 (1985). The defendant's contact with the foreign state must be substantial

7

enough that the defendant could reasonably anticipate being haled into court there. *Id.* There must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the foreign state, thus invoking the benefits and protections of its laws." *Id.* at 475. The act cannot be the result of random, fortuitous or isolated contacts. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S. Ct. 1473 (1984).

There are two types of personal jurisdiction over an out-of-state defendant: general jurisdiction, which can be established by "continuous and systematic" contact with the foreign state; or specific jurisdiction arising from a particular relationship between the defendant's contacts with the foreign state and this lawsuit. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15, 104 S. Ct. 1868 (1984). Here, Berkshire's contacts with Wisconsin are insufficient to establish either general or specific jurisdiction.

**A.    Wisconsin courts do not have general jurisdiction over Berkshire.**

Satisfying due process through general jurisdiction is a high bar, as the United States Supreme Court has recently reiterated in *Daimler AG v. Bauman*. 134 S. Ct. 746, 760-62 (2014). If a plaintiff seeks to prove general jurisdiction outside the state where a corporation's principal place of business is located or its state of incorporation, the plaintiff must show contacts within the state that are so continuous and systematic as to render the defendant "essentially at home there." *Id.* at 761. "[E]ngaging in a substantial, continuous, and systematic course of business" does <u>not</u> satisfy the requirements of general jurisdiction. *Id.* Instead, the "continuous and systematic"

8

contacts test applies to specific, and not general, jurisdiction. *Id. citing Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement,* 66 S. Ct. 154 (1945). Indeed, the Seventh Circuit has recognized that the U.S. Supreme Court has only identified the state of incorporation and the principal place of business as the two states in which a corporation is subject to general jurisdiction. *See Kipp v. Ski Enter. Corp. of Wisconsin,* 783 F.3d 695, 698 (7th Cir. 2015) (recognizing that the Supreme Court has only identified these two circumstances where general jurisdiction will be met). General jurisdiction may be extended outside these two locations only in an exceptional circumstance. *Daimler AG,* 134 S. Ct. at 761, n.19.

Here, Berkshire's contacts with Wisconsin are less significant than those of the defendants in *Daimler* and other post-*Daimler* decisions and are insufficient to support general jurisdiction. In *Daimler*, the plaintiffs attempted to establish general jurisdiction through the in-state contacts of the defendant's subsidiary, which was responsible for importing and distributing all Mercedes vehicles sold in the United States. The sales by the subsidiary in California constituted 2.4% of Daimler's sales worldwide. The court held that even if those sales were considered, the plaintiff still failed to establish general jurisdiction. It stated:

> Even if we were to assume that MBUSA is at home in California, and further to assume MBUSA's contacts are imputable to Daimler, there would still be no basis to subject Daimler to general jurisdiction in California, for Daimler's slim contacts with the State hardly render it at home there.

*Id.* at 760; *see also Priority Envtl. Sols., Inc. v. Stevens Co. Ltd.,* No. 15-CV-871-JPS, 2015 WL 9274016, at *5 (E.D. Wis. Dec. 18, 2015) (holding defendants 529 purchase

agreements with Wisconsin companies, purchase of $500,000 in goods from Wisconsin manufacturers "was nowhere near the 'exceptional case' necessary to find general jurisdiction).

Here, like the defendants in *Daimler,* neither Berkshire's principal place of business nor its state of incorporation is in Wisconsin. Berkshire is an Illinois limited liability company with its principal place of business in Illinois. Berkshire owns no property in Wisconsin, has no business operations in Wisconsin, has no employees in Wisconsin, and does not advertise or solicit business in Wisconsin. Berkshire managers or owners have not visited the state for business purposes. Berkshire does not provide products manufactured by Berkshire to Wisconsin. Berkshire is not involved in providing or receiving local services, goods or contracts. (*See* Grzywacz Declaration).

Indeed, Berkshire's contacts are significantly less than those at issue in *Daimler*. And unlike Daimler and its subsidiary, Berkshire does not sell or distribute any of its own product in Wisconsin. Instead, Berkshire's only contacts with Wisconsin are sending invoices for the work it performed in Illinois and a few pallets of Plaintiff's product to Wisconsin, delivering a New York company's product to one of its locations in Wisconsin, and intermittent deliveries of other customers' products to Wisconsin. If substantial vehicle sales in a state are insufficient to establish general jurisdiction, certainly Berkshire's incidental contacts with Wisconsin cannot render Berkshire "essentially at home" in Wisconsin as required for general jurisdiction.

## B. Specific Jurisdiction

For specific jurisdiction, "the proper question is whether defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). If none of the material alleged conduct occurred in state, there is no "specific jurisdiction." *Id.* The focus of the specific jurisdiction "minimal contacts" inquiry is "the relationship among the defendant, the forum, and the litigation," not the defendant's contacts with persons who reside in the forum. *Id.* If none of the material alleged conduct occurred in state, there is no "specific jurisdiction." The *Fiore* court rejected the plaintiffs' "injury-based" argument that jurisdiction should be conferred based on the foreseeability of the defendant's action causing injury in the forum. "[A]n injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum." *Id.* at 1125. Where none of the conduct alleged by the plaintiff occurred there and none of his actions connected him to the state, the out-of-state defendant was not subject to personal jurisdiction. *Id.* at 1125-26.

Here, given that Berkshire's actions from which this case arises, except for the sending of invoices to Plaintiff in Wisconsin, all took place outside Wisconsin, due process cannot be satisfied through "specific jurisdiction." Plaintiff traveled to Illinois to enter into a contact to process Plaintiff's product. Berkshire did so at its facility in Illinois and then shipped the products identified in the complaint to locations outside Wisconsin. As such, Wisconsin does not have specific jurisdiction over Berkshire.

## II. In the Alternative, if this Court Exercises Personal Jurisdiction, Venue Should be Transferred to the Northern District of Illinois.

Venue is not proper in this court. Under Section 1371(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b) (2015). A district court may transfer a case where venue is improper to a court where the case could have been brought:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. §1406(a). Here, the case was brought in a venue where the defendant does not reside, where no substantial part of the events or omissions giving rise to the claim occurred, and where there is no personal jurisdiction over Berkshire. This Court should dismiss this case for lack of personal jurisdiction, but if it doesn't, it should transfer venue to the Northern District of Illinois, where the defendant resides and where a substantial part of the events or omissions giving rise to the claim occurred.

Even if this court somehow concludes venue is appropriate in this court, a district court "may transfer any civil action to any other district or division where it might have

12

been brought" if the transfer is "for the convenience of the parties and witnesses and in the interest of justice." 28 U.S.C. §1404(a). The party requesting a transfer must establish that the proposed transferee forum is clearly more appropriate than the original forum. *Coffey v. VanDom, Iron Works,* 796 F.2d 217, 219-20 (7th Cir.1986). The § 1404(a) factors are placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case. *Id.* at 219 n. 3. The convenience factor is a placeholder for private interest considerations, and the interest of justice factor is a placeholder for public interest considerations. *See Wayne Pigment Corp. v. Halox,* 220 F.Supp.2d 931, 936 (E.D. Wis. 2002). Private interest considerations include plaintiff's choice of forum, the convenience of the parties and witnesses relative to their residences, the situs of operative events and the location of relevant records. Public interest considerations include judicial economy, familiarity with the applicable law and the expeditious administration of justice. *Id.*

Plaintiff should have brought its claims in the Northern District of Illinois because that is where the transaction and services occurred that gave rise to the claim. In this case, the convenience factor weighs heavily towards Illinois. Documents associated with the dispute are in Illinois. Berkshire is a resident and located in Illinois and the facts giving rise to the claim occurred in Illinois. The witnesses for Berkshire are in Illinois. The only witness in Wisconsin is a representative of the plaintiff, the sole member of KAJ. As to the public factors, the contract was made in Illinois and Illinois law likely applies to the dispute. An Illinois court has more familiarity with the applicable law. The facts giving rise to the claim all occurred in Illinois and that is where the matter

should be litigated. Both private and public factors weigh toward the Northern District of Illinois as the proper venue. If the Court denies Berkshire's motion to dismiss, the Court should, in the alternative, transfer venue to the Northern District of Illinois.

**CONCLUSION**

Plaintiff has not and cannot establish facts to support personal jurisdiction over Berkshire in Wisconsin. The requirements of the long-arm statute have not been met, and the exercise of jurisdiction over Berkshire does not meet the constitutional due process requirements.

Alternatively, if this court finds that personal jurisdiction is established, this court should transfer venue to the Northern District of Illinois because venue is not proper in this court. In addition, the convenience of the parties and witnesses, and the interests of justice are best served in the Northern District of Illinois.


Dated: October 28, 2016

s/ Laura J. Hanson
Laura J. Hanson, 1038186
Erin D. Doran, 1085915
Meagher & Geer, P.L.L.P.
33 South Sixth Street, Ste. 4400
Minneapolis, MN 55402
Phone: 612-347-9192
lhanson@meagher.com

*Attorneys for Defendant Berkshire Refrigerated Warehousing, LLC*

11233572.1